IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VIOLA ADKINS,

        Plaintiff,

v.

VINAYA KODURI,

        Defendant.

Case No.  16-CV-4134-DDC-KGS

**MEMORANDUM AND ORDER**

      On August 8, 2016, pro se plaintiff Viola Adkins filed a Civil Complaint (Doc. 1) against defendant Vinaya Koduri.  The Complaint alleges a claim for malpractice because he "lied" about a cyst and would not treat plaintiff.  Doc. 1 at 5.  Plaintiff attached nine handwritten pages to her Complaint.  They describe her interaction with defendant and the ways he "told [her]" she had a cyst and then "changed [his] mind without evidence."  Doc. 1 at 4.  Plaintiff's allegations are not easy to understand, but, generally, she complains that she was injured as a result of defendant's "lies."  Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis on August 15, 2016 (Doc. 5).

      On August 19, 2016, Magistrate Judge K. Gary Sebelius issued a Report and Recommendation (Doc. 7) recommending dismissal of this action for lack of subject matter jurisdiction and for denying as moot plaintiff's Motion for Leave to Proceed in Forma Pauperis. Judge Sebelius noted in his Report and Recommendation that plaintiff may serve and file specific written objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72 within 14 days after service.  Doc. 7 at 8.  The docket reflects that plaintiff

1

received service of the Report and Recommendation on August 26, 2016.  Doc. 8 (certified mail receipt).

On August 29, 2016, plaintiff filed an objection to the Report and Recommendation. Doc. 9.  Her objection is also difficult to follow.  Liberally construing the objection, plaintiff asserts the court has subject matter jurisdiction under 42 U.S.C. § 1983.

Fed. R. Civ. P. 72(b)(2) provides that, after a magistrate judge enters a recommended disposition on a dispositive matter, a party may serve and file specific, written objections to the magistrate judge's order within 14 days after being served with a copy of the recommended disposition.  Then, under Fed. R. Civ. P. 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  After making this determination, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court . . . ."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  As explained above, an objection is timely if it is made within 14 days after service of a copy of the recommended disposition.  Fed. R. Civ. P. 72(b)(2).  An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Prop.*, 73 F.3d at 1060.  If a party fails to make a proper objection, the court

has considerable discretion to review the recommendation under any standard that it finds appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

Because plaintiff brings this lawsuit pro se, the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of her advocate. *Id.* Also, plaintiff's pro se status does not excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Nor is plaintiff relieved from complying with the rules of the court or facing the consequences of noncompliance. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Here, and liberally construing plaintiff's Complaint, the court agrees with Judge Sebelius. The court lacks subject matter jurisdiction over plaintiff's claim. The United States District Courts are courts of limited jurisdiction and plaintiff bears the burden of demonstrating that subject matter jurisdiction exists so that she can proceed in federal court. Plaintiff must demonstrate subject matter jurisdiction exists based on either the diversity of the parties (under 28 U.S.C. §1332) or based on a federal question presented by the claim (under 28 U.S.C. § 1331).

Subject matter jurisdiction based on diversity exists over civil actions where there is complete diversity of citizenship and the matter in controversy exceeds the value of $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship exists where "each plaintiff" is "diverse from each defendant." *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011). Here, plaintiff's Complaint does not support diversity jurisdiction because it alleges that both she and defendant are citizens of Kansas. *See* Doc. 1 at 7. Complete diversity cannot

exist where plaintiff and defendant are citizens of the same state. Thus plaintiff's Complaint does not support diversity subject matter jurisdiction under 28 U.S.C. § 1332.

Subject matter jurisdiction based on a federal question arises from 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1331, "[f]ederal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (1986). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Id.* Plaintiff's Complaint cites 42 U.S.C. §1983, which is a federal statute. But citing the number of a federal statute fails to establish subject matter jurisdiction on all accounts, even under the most liberal construction of plaintiff's Complaint.

To state a claim § 1983 claim, plaintiff must allege (1) she suffered a violation of her constitutional rights and (2) this deprivation was caused by someone acting under the color of state law. *See* 42 U.S.C. § 1983. Plaintiff claims medical malpractice. But, medical malpractice is a state law tort claim and does not constitute deprivation of a constitutional right. Our courts have consistently held that medical malpractice claims are state law claims, not § 1983 claims. *See Islam v. Wheat*, No. 95-3321, 1995 WL 519790, at *1 (D. Kan. Aug. 9, 1995); *see also Taylor v. Davies*, No. 89-3312, 1989 WL 103445 (D. Kan. Aug. 14, 1989). The Supreme Court has recognized that viable § 1983 claims may originate from negligent medical care—but only when the plaintiff is a prisoner. And even then, the plaintiff carries a heavy burden to show the medical malpractice rises to the level of a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976) (finding that medical malpractice reaches the level of an Eighth

Amendment violation when plaintiff is a prisoner and demonstrates evidence of deliberate indifference to serious medical needs); *see also Loggins v. Phils*, 10 F. App'x 793, 794 (10th Cir. June 5, 2001) ("medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Finally, plaintiff never alleges that defendant acted under color of state law, as a § 1983 claim must. In sum, the Complaint does not state a viable claim under § 1983, and so it does not present a federal question sufficient to support federal question jurisdiction under 28 U.S.C. § 1331.

Because plaintiff has failed to allege federal subject matter jurisdiction under 28 U.S.C. § 1331 or § 1332, the court agrees with Judge Sebelius. The court lacks subject matter jurisdiction over plaintiff's Complaint. The court accepts the August 19, 2016 Report and Recommendation and adopts it as its own.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "objection to Report and Recommendations" of Magistrate Judge Sebelius (Doc. 9), is overruled. The court adopts Judge Sebelius' Report and Recommendation (Doc. 7) in its entirety, and dismisses this action. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 5) is denied as moot.

**IT IS SO ORDERED.**

Dated this 3rd day of October, 2016, at Topeka, Kansas.

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**