IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VIOLA ADKINS,

        **Plaintiff,**

v.

VINAYA KODURI,

        **Defendant.**

Case No.  16-CV-4134-DDC-KGS

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff Viola Adkins's Motion for Reconsideration (Doc. 12) of the district court's order dismissing her Complaint for lack of subject matter jurisdiction (Doc. 10).  For reasons discussed below, the court denies plaintiff's motion.

Plaintiff's Motion consists of fifteen handwritten pages.  While plaintiffs arguments are, at times, difficult to understand, she seems to argue that Fed. R. Civ. P. 60(b) provides a basis to reinstate her Complaint.  Fed. R. Civ. P. 60 allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Fed. R. Civ. P. 60(b) provides grounds for relief including mistakes, newly discovered evidence, fraud, as well as other reasons that justify relief.  Fed. R. Civ. P. 60(b).

But, in essence, plaintiff still seems to assert that jurisdiction exists under 42 U.S.C. § 1983.  As discussed in this court's order dismissing plaintiff's Complaint (Doc. 10):

> To state a § 1983 claim, plaintiff must allege (1) she suffered a violation of her constitutional rights and (2) this deprivation was caused by someone acting under the color of state law.  *See* 42 U.S.C. § 1983.  Plaintiff claims medical malpractice.  But, medical malpractice is a state law tort claim and does not

1

> constitute deprivation of a constitutional right.  Our courts have consistently held that medical malpractice claims are state law claims, not § 1983 claims . . . In sum, the Complaint does not state a viable claim under § 1983, and so it does not present a federal question sufficient to support federal question jurisdiction under 28 U.S.C. § 1331.

Doc. 10 at 4.  Plaintiff argues that her rights were violated by an individual acting under the color of state law.  Doc. 12 at 2.  And, plaintiff invokes the same facts she alleged in her Complaint, *id.* at 6, that defendant allegedly mistreated her when she visited him about a cyst.  *Id.*  Plaintiff asserts that his mistreatment and negligence violated her due process rights.  *Id.*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Id.*  Plaintiff here does assert that defendant acted under the color of state law, doc. 12 at 2, but she never alleges facts to support this proposition.  And nowhere can the court find a basis to support the notion that defendant was acting under the color of state law when he treated plaintiff as her physician.  The court does not accept "mere conclusory statements" in pleadings as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (discussing the court's standard when reviewing a motion to dismiss).

In sum, plaintiff has not stated a claim under 42 U.S.C. § 1983, and so the court lacks subject matter jurisdiction over her claim.  The court finds no evidence of mistake, fraud, or newly discovered evidence that justifies reconsidering its Order (Doc. 10).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Reconsideration is denied.

**IT IS SO ORDERED.**

**Dated this 30th day of November, 2016, at Topeka, Kansas.**

                                        <u>s/ Daniel D. Crabtree</u>
                                        **Daniel D. Crabtree**
                                        **United States District Judge**