# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

VIOLA ADKINS,

        Plaintiff,

v.

VINAYA KODURI,

        Defendant.

Case No. 16-4134-DDC

## MEMORANDUM AND ORDER

This matter comes to the court on plaintiff Viola Adkins's Motion for Reconsideration (Doc. 24) of the order dismissing her Complaint for lack of subject matter jurisdiction (Doc. 10). Plaintiff appealed that Order to the Tenth Circuit and it affirmed this court's decision. *See* Doc. 14 ("Notice of Appeal"); Doc. 20 ("Appeal Mandate") (affirming the court's decision). Plaintiff then filed a petition for writ of certiorari, but the Supreme Court denied it. *See* Doc. 21 (advising that plaintiff filed a writ of certiorari); Doc. 22 (advising that the Supreme Court denied the petition for writ of certiorari). Finally, plaintiff filed a petition for rehearing, but the Court denied that petition as well. Doc. 22.

Plaintiff's Motion consists of 13 handwritten pages. While plaintiff's arguments, at times, are difficult to understand, she seems to argue that Fed. R. Civ. P. 60(b) provides a basis to reinstate her Complaint. Fed. R. Civ. P. 60 allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Fed. R. Civ. P. 60(b) provides grounds for relief

including mistakes, newly discovered evidence, and fraud, as well as other reasons that justify relief. *Id.* 60(b).

But, in essence, plaintiff still seems to assert that jurisdiction exists under 42 U.S.C. § 1983. As discussed in this court's order dismissing plaintiff's Complaint (Doc. 10):

> To state a § 1983 claim, plaintiff must allege (1) she suffered a violation of her constitutional rights and (2) this deprivation was caused by someone acting under the color of state law. *See* 42 U.S.C. § 1983. Plaintiff claims medical malpractice. But, medical malpractice is a state law tort claim and does not constitute deprivation of a constitutional right. Our courts have consistently held that medical malpractice claims are state law claims, not § 1983 claims . . . . In sum, the Complaint does not state a viable claim under § 1983, and so it does not present a federal question sufficient to support federal question jurisdiction under 28 U.S.C. § 1331.

Doc. 10 at 4. Plaintiff argues that an individual acting under the color of state law violated her constitutional rights. Doc. 24 at 1. And plaintiff invokes the same facts she alleged in her Complaint, *id.* at 2, *i.e.*, that defendant allegedly mistreated her when she visited him about a cyst. *Id.* Plaintiff asserts that his mistreatment and negligence violated her due process rights. *Id.* at 3. These arguments and allegations do not provide a ground for relief under Rule 60(b)— *i.e.*, fraud, mistake, newly discovered evidence, or clear error.

Finally, plaintiff's filing appears to seek a writ of mandamus. Doc. 24 at 1. A district court can issue such a writ when needed to aid its jurisdiction. 28 U.S.C. § 1651. But a writ could not aid the court's jurisdiction here because it has none. And though plaintiff invokes § 1651, this statute does not provide her with a federal cause of action. *See United States v. Denedo*, 556 U.S. 904, 913 (2009) ("[T]he All Writs Act and the extraordinary relief the statute authorizes are not a source of subject-matter jurisdiction."). Plaintiff thus cannot seek this relief and cannot invoke § 1651 as a basis for subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Reconsideration (Doc. 24) is denied.

**IT IS SO ORDERED.**

**Dated this 17th day of July, 2018, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
Daniel D. Crabtree
United States District Judge