# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

VIOLA ADKINS,

      Plaintiff,

v.

VINAYA KODURI,

      Defendant.

Case No. 16-4134-DDC-KGS

## MEMORANDUM AND ORDER

For more than two years, pro se plaintiff Viola Adkins, a Kansas resident, has pursued a medical malpractice claim against defendant and fellow Kansas resident Dr. Vinaya Koduri in federal court. She consistently claims that her malpractice claim states a claim under 42 U.S.C. § 1983. As the court has ruled and the Tenth Circuit has affirmed, the court lacks subject matter jurisdiction over Ms. Adkins's case.

Ms. Adkins is once more before the court. She now seeks leave to appeal in forma pauperis, as she did on her first appeal. *See* Docs. 17, 31. On this second appeal, Ms. Adkins seeks review of this court's denial of her second Motion for Reconsideration. Doc. 27. And, while the court granted Ms. Adkins's first Motion for Leave to Appeal in forma pauperis, Doc. 18, the court now revisits the in forma pauperis rules. The governing statute, 28 U.S.C. § 1915, provides that "[a]n appeal must not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A good faith appeal requires "the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

The court concludes that Ms. Adkins's appeal is not taken in good faith. In her current Motion for Reconsideration,[1] she argues that she is entitled to relief under Federal Rule of Civil Procedure 60(b); yet, she alleges no facts—at all—to warrant such relief. Rather, Ms. Adkins devotes the majority of her Motion for Reconsideration to rearguing that jurisdiction is proper under 42 U.S.C. § 1983. But, as the Tenth Circuit affirmed, this argument lacks legal merit. Also, construing Ms. Adkins's motion liberally,[2] she contends that a writ of mandamus should issue. The court denied this request, and it would be frivolous on appeal because 28 U.S.C. § 1651 itself provides no basis for subject matter jurisdiction.

While the court assumes that Ms. Adkins genuinely desires to proceed in federal court, the court repeatedly has ruled that federal court is not the proper forum for her claim under the facts alleged. For the reasons discussed below, the court certifies that Ms. Adkins's appeal is not taken in good faith.

## I. Facts

In 2016, Ms. Adkins sought a diagnosis from Dr. Vinaya Koduri. Ms. Adkins contends Dr. Koduri injured her when he lied about the existence of a cyst she had and would not treat her. Doc. 1 at 5. This court—adopting the recommendations of Magistrate Judge K. Gary Sebelius—

---

[1]  Ms. Adkins's second Motion for Reconsideration, (Doc. 24), is substantially similar to her first Motion for Reconsideration (Doc. 12), which the court denied and the Tenth Circuit affirmed. *See* Doc. 13; *see also* Doc. 20 ("Appeal Mandate") ("Concluding it lacked subject matter jurisdiction over Adkins's claims, the district court dismissed the complaint. It denied Adkins's subsequent motion for reconsideration. . . . Upon *de novo* review . . . dismissal of her complaint is **affirmed**."). The only new issue raised in plaintiff's second Motion for Reconsideration is the apparent request for a writ of mandamus. Doc. 24 at 1. As discussed below, making this request on appeal would be frivolous.

[2]  Because plaintiff proceeds pro se, the court construes her pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for the plaintiff. *Id.* Nor does plaintiff's pro se status excuse her from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

dismissed plaintiff's Complaint for lack of subject matter jurisdiction. Doc. 10. In response, Ms. Adkins filed her first Motion for Reconsideration, (Doc. 12), which the court denied. Doc. 13.

Ms. Adkins then sought appellate review of this court's dismissal of her Complaint for lack of subject matter jurisdiction. *See* Doc. 14 ("Notice of Appeal"). A few months later, in March 2017, the court granted Ms. Adkins's first Motion for Leave to Appeal in forma pauperis. Doc. 18. On appeal, the Tenth Circuit affirmed this court's decision. Doc. 20 ("Appeal Mandate") (affirming the court's decision). Plaintiff then filed a petition for writ of certiorari, which the Supreme Court denied. *See* Doc. 21 (advising that plaintiff filed a writ of certiorari); Doc. 22 (advising that the Supreme Court denied the petition for writ of certiorari). Plaintiff then filed a petition for rehearing; the Court denied that petition as well. Doc. 22.

Plaintiff then filed her second Motion for Reconsideration. Doc. 24. The court denied Ms. Adkins's motion, finding, again, that plaintiff provided no basis under Rule 60 for the court to grant the requested relief. Doc. 25. Ms. Adkins now has appealed that decision. *See* Doc. 27 ("Notice of Appeal"). Then, Ms. Adkins filed a Motion for Leave to Appeal in forma pauperis for the second time in this case. Doc. 31.

**II.    Legal Standard**

Ms. Adkins seeks to proceed on appeal without prepayment of fees or costs under 28 U.S.C. § 1915. Proceeding in forma pauperis in a civil case is a privilege, not a right. *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). And, the decision whether to grant or deny in forma pauperis status lies within the sound discretion of the court. *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999). For the court to grant Ms. Adkins's request, she must show a financial inability to pay the required filing fees and the existence of a

reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal.[3] *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); 28 U.S.C. § 1915(a). For this Order, the court considers whether Ms. Adkins presents a reasoned, non-frivolous—*i.e.*, "good faith"—argument.

Section 1915(a) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 F. App'x 742, 743 (10th Cir. 2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Spearman*, 500 F. App'x at 743; *see also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("[A]n appeal is frivolous if it lacks an arguable basis in either law or fact."). And, "section 1915(e)'s 'frivolous or malicious' standard [applies] to both prisoner and non-prisoner litigation." *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) (citing *Merryfield v. Jordan*, 584 F.3d 923, 926 (10th Cir. 2009)).

**III.    Discussion**

Ms. Adkins appeals the court's denial of her Motion for Reconsideration. Doc. 24. She seeks to do so in forma pauperis. Ms. Adkins's appeal is not taken in good faith because it is objectively frivolous—*i.e.*, plaintiff is entitled to no relief because she provides no facts in her Motion for Reconsideration that would justify relief under Rule 60. Instead, plaintiff falls back

---

[3] Ms. Adkins may seek in forma pauperis status with this court. Federal law permits the court to authorize an appeal "'without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor.'" *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) (quoting 28 U.S.C. § 1915(a)). Though Ms. Adkins does not meet the definition of "prisoner" under the statute, the Tenth Circuit has held that "'[s]ection 1915(a) applies to all persons applying for IFP status, and not just prisoners.'" *Salgado-Toribio*, 713 F.3d at 1270 (quoting *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).

on two arguments. Plaintiff's first argument—that subject matter jurisdiction exists under 42 U.S.C. § 1983—is not made in good faith because this court and the Tenth Circuit already have considered and rejected this argument. Plaintiff's second argument—that a writ of mandamus should issue—is also not in good faith because 28 U.S.C. § 1651 is not itself a basis for subject matter jurisdiction. Plaintiff's potential grounds for appeal all lack an arguable legal basis, so the court certifies that Ms. Adkins's appeal is not taken in good faith.

### A. Relief Under Fed. R. Civ. P. 60(b)

Plaintiff cannot make a good faith argument that Rule 60(b) relief is warranted in this case. Rule 60(b) permits the court to relieve parties from a final judgment for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; (6) or any other reason that justifies relief. Fed. R. Civ. P. 60(b). For in forma pauperis motions, "[a]n appeal from the denial of a Rule 60(b) motion is not taken in good faith when it relies on nothing more than arguments that were previously considered by both the district court and the appellate court." *Bronakowski v. Boulder Valley Sch. Dist.*, 406 F. App'x 304, 306 (10th Cir. 2011).

Plaintiff's only reference to Rule 60 in her Motion for Reconsideration is a "request [that her] case is reinstated or reopened regarding excusable neglect, adverse treatment, or new evidence and process should issue under Fed. R. Civ. P. 60(b) regarding negligence." Doc. 24 at 10. Ms. Adkins identifies no new evidence. Nor does she explain her adverse treatment. And, even construing plaintiff's pro se motion liberally, the court fails to see how excusable neglect applies to this situation. Plaintiff instead devotes the lion's share of her briefing to issues this court and the Tenth Circuit previously considered and rejected—namely, whether jurisdiction is proper under 42 U.S.C. § 1983. Because plaintiff merely reiterates her arguments that the courts

5

already considered—without any explanation why Rule 60(b) relief is warranted—plaintiff's appeal from the denial of her Rule 60(b) motion is not taken in good faith.

### B. Subject Matter Jurisdiction Under 42 U.S.C. § 1983 or 28 U.S.C. § 1651

Even though the court already has determined that no subject matter jurisdiction exists, plaintiff asserts in her second Motion for Reconsideration that the court has subject matter over her case for two reasons. First, plaintiff argues that jurisdiction exists under 42 U.S.C. § 1983 for her medical malpractice claim. The court has considered and rejected this claim twice. *See* Doc. 10 at 4–5; Doc. 25 at 2. The Tenth Circuit has affirmed once. *See* Doc. 20. In its Order dismissing plaintiff's Complaint, the court's reasoning highlights why a second appeal by plaintiff would be objectively frivolous:

> To state a § 1983 claim, plaintiff must allege (1) she suffered a violation of her constitutional rights and (2) this deprivation was caused by someone acting under the color of state law. *See* 42 U.S.C. § 1983. Plaintiff claims medical malpractice. But, medical malpractice is a state law tort claim and does not constitute deprivation of a constitutional right. Our courts have consistently held that medical malpractice claims are state law claims, not § 1983 claims . . . . In sum, the Complaint does not state a viable claim under § 1983, and so it does not present a federal question sufficient to support federal question jurisdiction under 28 U.S.C. § 1331.

Doc. 10 at 4. And to the extent that plaintiff alleges an Eighth Amendment violation, this court explained that the Supreme Court has recognized that viable § 1983 claims may originate from negligent medical care—but only when the plaintiff is a prisoner. Doc. 10 at 4 (citing *Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976)). Plaintiff never alleges that she is prisoner. Instead, she asserts a medical malpractice claim as a private individual—such a claim is beyond the reach of § 1983 and the subject matter jurisdiction of the federal courts. Last, while plaintiff asserts that defendant acted under color of state law, she never alleges facts to support this proposition.

6

Thus, plaintiff's appeal would not be made in good faith because her claim that jurisdiction is proper under § 1983 lacks an arguable legal basis.

Second, plaintiff appears to argue that she is entitled to a writ of mandamus in her second Motion for Reconsideration. Doc. 24 at 1. The court previously has explained why a writ of mandamus does not apply here:

> A district court can issue such a writ when needed to aid its jurisdiction. 28 U.S.C. § 1651. But a writ could not aid the court's jurisdiction here because it has none. And though plaintiff invokes § 1651, this statute does not provide her with a federal cause of action. *See United States v. Denedo*, 556 U.S. 904, 913 (2009) ("[T]he All Writs Act and the extraordinary relief the statute authorizes are not a source of subject-matter jurisdiction."). Plaintiff thus cannot seek this relief and cannot invoke § 1651 as a basis for subject matter jurisdiction.

Doc. 25 at 2. As explained above, the court lacks subject matter jurisdiction under 42 U.S.C. § 1983 because plaintiff fails to plead facts sufficient to show that defendant violated her constitutional rights or that defendant acted under color of state law. Thus, a writ of mandamus cannot create jurisdiction in the absence of another basis for jurisdiction. In sum, the court finds plaintiff's contention that 28 U.S.C. § 1651 provides her with jurisdiction lacks any legal basis.[4]

## IV. Conclusion

Ms. Adkins presents no reasoned, non-frivolous argument on the law and facts to support any issues she may raise on appeal. This court thus denies her Motion for Leave to Appeal in forma pauperis. And the court certifies that Ms. Adkins's appeal is not taken in good faith. Under Fed. R. App. P. 24(a)(4), the court directs the Clerk to notify the Court of Appeals of this denial of Ms. Adkins's Motion for Leave to Proceed in forma pauperis and certification that the

---

[4] Alternatively, the court notes that, even if jurisdiction did exist, Ms. Adkins has not demonstrated why she is entitled to the "extraordinary remedy" of a writ of mandamus. *Fay v. United States*, 389 F. App'x 802, 803 (10th Cir. 2010) (quoting *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1196 (10th Cir. 2009) ("[Pro se plaintiff] had not shown he has no other adequate means of relief . . . or that his right to a writ is clear and indisputable.")).

appeal is not taken in good faith. The court notes that Ms. Adkins may file a motion for leave to proceed on appeal in forma pauperis with the United States Court of Appeals for the Tenth Circuit within 30 days after service of this Order. Fed. R. App. P. 24(a)(5).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Leave to Appeal in forma pauperis (Doc. 31) is denied.

**THE COURT CERTIFIES** that the appeal is not taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk notify the Court of Appeals of this denial and certification.

**IT IS SO ORDERED.**

**Dated this 12th day of October, 2018, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**